REGAN, Judge.
The plaintiffs, Zurich Insurance Company and Mrs. George Llopis[1] filed this suit against the defendants, Jack Doussan, Norman Sutton, The Shell Oil Company, and Travelers Insurance Company, their liability insurer, endeavoring to recover the sum of $632.94 representing damages incurred by Mrs. Llopis’ automobile which plaintiffs assert was caused by the negligence of Sutton, an employee of Doussan, in causing the automobile to collide with a wall in Doussan’s service station. Zurich endeavors to recover $582.94 and Mrs. Llopis seeks to recover $50.00 which she expended in conformity with the deductible portion of her insurance policy.
The defendants answered and in effect, generally denied the plaintiffs’ accusations of negligence. They then filed a third party action against Llopis wherein they insisted that the damage to the car was caused by his negligence.
From a judgment in favor of the defendants rejecting the plaintiffs demands, they have prosecuted this appeal.
The record discloses that George Llopis drove his wife’s 1964 Cadillac automobile into Doussan’s Service Station in order to obtain repairs to the windshield wipers and power windows thereof. It had begun to rain, and the wipers and windows failed to function properly, apparently because of some defect in the automobile’s electrical system. In any event, Norman Sutton, an employee of the service station, endeavored to effect repairs to the automobile at the request of Llopis.
Mr. and Mrs. Llopis were occupants of the front seat of the automobile and she moved to the extreme right thereof, and Llopis, the driver, moved to the center of the seat in order to permit Sutton access to the fuse box which was located under the left side of the automobile’s dashboard.
It is relatively undisputed that Sutton rested his right shoulder on the floor of the automobile and reached up to work on the fuse box with the lower extremities of his body remaining outside of the vehicle. While in this position, he replaced one fuse and the windshield wipers functioned. He then obtained another fuse, returned to the automobile and assumed the • same posture in order to replace the second fuse. At this time, for some reason which cannot be explained by any of the litigants, the plaintiff’s vehicle lurched forward and ultimately struck a wall in the service station. While the accident was transpiring, the lower portion of Sutton’s body remained outside the automobile and was dragged along the ground.
To say the very least, the record is in conflict as to whether the motor was left running while Sutton worked on the car. However, a fair interpretation of the testimony indicates that while the motor may have been off when he replaced the first fuse, it was apparently turned on in order to ascertain if the new fuse actually created the desired result. In any event, both Mr. and Mrs. Llopis related that they did *103 not see Sutton touch the gear selector lever or the accelerator at any time. Sutton likewise denies that he touched either of these two instruments and further insists that he was attempting to replace the second fuse when, for some reason unknown to him, the car suddenly lurched forward and struck a wall in the garage.
The whole tenor of the record convinces us that the lower court was correct when it concluded that no one present knew what caused the accident to occur; therefore it rejected the plaintiffs’ demand for the reason that they failed to bear their burden of proving negligence on the part of Sutton or of the other defendants.
On the appeal hereof the plaintiffs now assume the position that when Llopis moved over to the center of the front seat he delivered control of the car to Sutton, thereby creating a deposit thus placing the burden of exculpating themselves from negligence upon the defendants.
It is true that a mechanic or garageman to whom a vehicle is entrusted for repairs is a depositary within the contemplation of the appropriate Civil Code provisions relating to the contract of deposit.[2] However, a deposit is not created until there has been a delivery or surrender of control of the thing deposited.[3] In this case, neither Mr. nor Mrs. Llopis departed from the automobile and Sutton merely entered one-half of his body therein in order to reach its fuse box. He never exercised control or direction over the automobile, nor did Mr. Llopis relinquish such control. On the contrary, the record reveals that Llopis maintained direction and control over the vehicle, and if the motor thereof was in fact started during the process of repairing the electrical system, it was he who performed this function and not Sutton. In view of these facts it can be readily appreciated that there was no intention on the part of Llopis to surrender control of the vehicle, nor was there any intention on the part of Sutton to assume control thereof ; consequently, a contract of deposit was never confected between the parties.
In the last analysis we are compelled to reach the inevitable conclusion that the plaintiffs simply failed to prove their case with that reasonable and probable certainty which the law requires.
For the foregoing reasons, the judgment of the lower court which dismissed the plaintiffs’ suit is affirmed. The plaintiffs are to pay all costs incurred herein.
Affirmed.

. Mrs. Llopis sued under the name Mrs. Emile J. Labat, Jr., for the reason that the automobile involved herein was registered in that name and her collision insurance policy was written in that name also.' When this accident occurred she had remarried and she will be referred to in this opinion as Mrs. Llopis.

. See Woodard v. St. Cyr, La.App., 201 So.2d 206 (1967).

. Civil Code Article 2930.